UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS -CWA, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELAINE L. CHAO, SECRETARY, U.S. DEPARTMENT OF LABOR, et al., <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 1:05-cv-01850-RCL ) ) ) ) ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' memorandum in opposition to defendants' motion to dismiss fails to support their assertion that the Court has jurisdiction over their claims relating to the occupational safety of crew members working in aircraft cabins. Indeed, plaintiffs have not shown that their claims are ripe for review, inasmuch as they have failed to pursue administrative avenues for requesting rulemaking before either the Federal Aviation Administration (FAA) or the Occupational Safety and Health Administration (OSHA). Plaintiffs also have not established a basis for challenging FAA's exercise of exclusive responsibility over flight attendants' workplace environment, a preemption specifically authorized under the Occupational Safety and Health Act of 1970 (OSH Act), 29 U.S.C. §§ 651-678 , and assumed by both FAA and OSHA. Further, plaintiffs have not demonstrated a basis for district court intervention in derogation of the court of appeals' exclusive jurisdiction over claims relating to either agency inaction or delay, including claims for a writ of mandamus. Therefore, for the reasons stated below, as well as for the reasons set forth in defendants' memorandum of points and authorities in support of the motion to dismiss, defendants' motion to dismiss should be granted.

**ARGUMENT**

1. In support of their argument that their claims are ripe, plaintiffs allege that the mere lack of regulatory activity by FAA and OSHA with regard to the occupational health and safety of flight attendants translates into a justiciable issue. Pls.' Dismiss Opp. Memo at 13. Plaintiffs ignore the fact that a regulatory process exists that provides plaintiffs with a mechanism to petition either FAA or OSHA for rulemaking. 14 C.F.R. Part 11; 29 C.F.R Part 1911. The filing of such a petition could either spur the promulgation of the health and safety standards plaintiffs seek to have the agencies adopt, or, if denied, could serve as a basis for judicial review in the federal Court of Appeals. 29 U.S.C. §§ 655(f), 660; 49 U.S.C. § 46110(a). Indeed, until plaintiffs have presented this issue to the agencies and obtained a response, the issues have not "crystallized" and are not sufficiently "concrete" to warrant judicial review. *See, e.g.,* Cronin v. FAA, 73 F.3d 1126, 1132 (D.C. Cir. 1996) (quoting National Ass'n of Regulatory Util. Comm'rs v. Department of Energy, 851 F.2d 1424, 1429 (D.C. Cir. 1988)).

2. Contrary to plaintiffs' assertions, the decision in Chao v. Mallard Bay Drilling, Inc., 534 U.S. 235, 244-45 (2002) supports the government's position that the FAA has asserted comprehensive authority over crew member occupational safety and health, and, consequently, has completely preempted OSHA's authority. In Mallard Bay, the court held that "another agency may 'exercise' its authority within the meaning of § 4(b)(1) of the OSH Act either by promulgating specific regulations or by asserting comprehensive regulatory authority over" working conditions. 534 U.S. at 243. Contrary to plaintiffs' argument, the court did not hold that "an agency's assertion of comprehensive, but unexercised, statutory authority to regulate the working conditions of employees is insufficient to displace OSHA jurisdiction." Pls.' Dismiss

Opp. Memo at 16.  In Mallard Bay the Coast Guard never sought to completely preempt OSHA's authority over uninspected vessels, but rather issued limited regulations relating only to certain conditions aboard uninspected vessels.  *Id.* at 243-45.  By way of comparison, the Court in Mallard Bay specifically noted that the Coast Guard had asserted comprehensive authority over a different type of vessel, inspected vessels, when the Coast Guard stated that "OSHA 'may not enforce the OSH Act with respect to the working conditions of seamen aboard inspected vessels.'" *Id.* at 243.  Thus, the Coast Guard's "exercise of [] authority--and hence the displacement of OSHA jurisdiction--extend[ed] not only to those working conditions on inspected vessels specifically discussed by Coast Guard regulations, but to all working conditions on inspected vessels, including those 'not addressed by the specific regulations.'" *Id*.  (internal citation omitted).

FAA's actions here constitute an assertion of comprehensive authority similar to the Coast Guard's over inspected vessels in Mallard Bay.  *See also* Assoc. of American Railroads v. Dep't. of Transportation, 38 F.3d 582, 587-88 (D.C. Cir. 1994) (implying that it would find comprehensive preemption where an agency "by its own account, claimed exclusive jurisdiction"); Southern Pacific Trans. Co. v. Usery, 539 F.2d 386, 391-92 (5th Cir. 1976), *cert. denied*, 434 U.S. 874 (1977) ([T]he scope of the exemption created by section 4(b)(1) is determined by the [agency's] intent, as derived from its articulations.") (emphasis added); Velasquez v. Southern Pac. Transp. Co., 734 F.2d 216, 218 (5th Cir. 1984).[1]  As FAA stated in

---

[1] Plaintiffs' reliance on Donovan v. Red Star Marine Serv., Inc., 739 F.2d 774 (2nd Cir. 1984), *cert. denied*, 470 U.S. 1003 (1985), In re Inspection of Norfolk Dredging Co.,783 F.2d 1526 (11th Cir. 1986), *cert. denied*., 479 U.S. 883 (1986), and Herman v. Tidewater Pacific, Inc., 160 F.3d 1239 (9th Cir. 1998), is also misplaced.  Those cases, like Mallard Bay, addressed the Coast Guard's limited exercise of authority over uninspected vessels, not the Coast Guard's

the 1975 Notice, its responsibility "fully occupies and exhausts the field of aircraft crew member occupational safety and health" on aircraft in operation, because "[a]ircraft design and operational factors are indivisible from occupational safety or health factors as they affect the workplace of [] crew members."  Even plaintiffs acknowledge the validity of this agency declaration relating to the symbiotic relationship between operational safety and occupational safety and health on aircraft.  Indeed, although plaintiffs try to discount the importance of the regulations FAA has promulgated by inferring that FAA's regulations are "directed primarily at operational safety," Pls.' Dismiss Opp. Memo at 17, they acknowledge that FAA's regulations "implicate crewmember safety and health."  $Id$. at 18.  Such recognition by plaintiffs merely underscores FAA's assertion of comprehensive jurisdiction.

In addition, plaintiffs mischaracterize the 2000 MOU between OSHA and FAA and the Department of Transportation's 2001 OIG report in order to support their claim that OSHA recognizes that FAA regulatory actions have somehow been deficient.  The MOU merely set up a procedure for considering "whether OSHA requirements can be applied to the working conditions of employees on aircraft in operation (other than flight deck crew) without compromising aviation safety."  Contrary to plaintiffs' allegation, it did not "set forth a procedure for the implementation of OSHA standards."  Similarly, the OIG Report merely made recommendations as to how and whether FAA should continue to assert its comprehensive authority and, thus, did not constitute a renunciation of FAA's assertion of comprehensive authority.  $Cf$. Baltimore & O. R. Co. v. OSHRC, 548 F.2d 1052, 1054-55 (D.C. Cir. 1976) (there is "no Congressional purpose in 4(b)(1) to treat a proposal to act as action itself").

---

assertion of comprehensive authority over inspected vessels

Finally, even if plaintiffs' claim that FAA "believes it is impossible for the agency to adopt OSHA standards, or for that matter, any occupational standard affecting flight attendant working conditions because of their potential impact on aviation safety" were true, this would not defeat FAA's assertion of comprehensive authority.  "[A]s the dominant agency in its limited area, [an agency] can displace OSHA regulations by articulating a formal position that a given working condition should go unregulated or that certain regulations and no others should apply to a defined subject."  Southern Pacific Trans. Co., 539 F.2d at 391-92.

      3.  Plaintiffs assert that, rather than seeking review of final agency action, their claims are based on the agencies' inaction in declining to issue regulations addressing the health and safety of flight attendants' workplace.  Pls.' Dismiss Opp. Memo at 23.  For plaintiffs, this distinction is critical to their argument that the District Court has jurisdiction to issue a writ of mandamus compelling OSHA to issue regulations.   In support of this claim, plaintiffs rely on the decision in Telecommunications Research and Action Center (TRAC) v. FCC, 750 F.2d 70 (D.C. Cir. 1984).  Plaintiffs' reliance on this decision is not only misplaced, but also fatal to their position.

      In TRAC, the issue was "whether a petition to compel unreasonably delayed agency action properly lies in this court or in the District Court, or whether the two courts have concurrent jurisdiction, when the final agency action in the matter would be directly reviewable only in the Court of Appeals."  750 F.3d at 72.  Even though "the lack of a final order is the gravamen of the petitioners' complaint[,]" the court held that the "statutory commitment" of review of final agency action to the court of appeals, "read in conjunction with the All Writs Act, 28 U.S.C. § 1651(a)," provided the appellate court with exclusive jurisdiction because the suit "might affect the Circuit Court's future jurisdiction."  Id. at 75.  In other words, to "protect its

prospective jurisdiction," the appellate court determined it had exclusive jurisdiction to resolve claims of unreasonable delay. Id. at 76. Moreover, the court of appeals held that, "[b]ecause the District Court has no present or future jurisdiction over agency actions assigned by statute to appellate court review, it can contemplate no exercise of jurisdiction that mandamus might aid." Id. at 77.

As in TRAC, this Court does not have jurisdiction to address plaintiffs' petition for mandamus. Preliminarily, like the FCC's statute in that case, the OSH Act commits review of final agency action to the Court of Appeals. See 29 U.S.C. §§ 655(f), 660. Further, in both this case and in TRAC, agency inaction or delay was at issue, not review of a final agency action. Here, as well, plaintiffs have an avenue of relief available to them that would afford them review in the court of appeals: plaintiffs could file a petition for OSHA to promulgate regulations and then, if necessary, appeal the agency's final determination (whether to act or not) to the appellate court. Because this prospective relief would be in the appellate court, as in TRAC, the district court is without jurisdiction to issue a writ of mandamus, and plaintiffs' complaint should be dismissed.

4. Even if the Court has jurisdiction, it should dismiss plaintiffs' mandamus action. Plaintiffs do not dispute that relief under Section 706 of the APA would be inappropriate in this case. This alone justifies dismissal of the mandamus action because the propriety of compelling an agency "to perform a duty owed," 28 U.S.C. § 1361, is contingent on the propriety of "compel[ling] agency action unlawfully withheld" under the APA. Japan Whaling Ass'n v. American Cetacean Soc., 478 U.S. 221, 230 n.4 (1986) (construing a claim seeking mandamus under 28 U.S.C. § 28 U.S.C. § 1361 "in essence, as one to 'compel agency action unlawfully

withheld,'" 5 U.S.C. § 706(1)"); <u>In re American Rivers and Idaho Rivers United</u>, 372 F.3d 413, 418 (D.C. Cir. 2004) (interpreting claim for mandamus as a petition under Section 706 of the Administrative Procedure Act, 5 U.S.C. § 706 because the analyses under both statutes is the same).

Further, plaintiffs' arguments that "flight attendants are entitled to the protection of OSHA's occupational standards" and that "OSHA[] [has a clear] duty to establish occupational standards for crew members aboard aircraft" are contingent on its argument that the FAA has not completely preempted OSHA's authority here. As explained above, plaintiffs' analysis of this issue is without merit. Moreover, plaintiffs ignore the fact that mandamus is not available here because the issuance and enforcement of regulations pertaining to the safety and health of cabin crew members involves the exercise of discretion, not merely the performance of a ministerial obligation.

Moreover, plaintiffs' claim for mandamus is directed at OSHA - not FAA. Inasmuch as OSHA's inaction here is reasonably based on FAA's assertion of comprehensive authority, the Court should not compel OSHA to act based on allegations of FAA inaction. Therefore, defendants' motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in the memorandum of points and authorities in support of defendants' motion to dismiss, defendants' motion should be granted.

Dated: March 20, 2006                               Respectfully submitted,

                                                    PETER D. KEISLER
                                                    Assistant Attorney General

                                                    KENNETH L. WAINSTEIN
                                                    United States Attorney

                                                         /s/
                                                    _____
                                                    SANDRA M. SCHRAIBMAN, DC Bar No. 188599
                                                    RICHARD G. LEPLEY, DC Bar No. 332346
                                                    CARLOTTA P. WELLS
                                                    U.S. Department of Justice
                                                    P.O. Box 883
                                                    Washington, D.C. 20044
                                                    (202) 514-4522 (telephone)
                                                    (202) 616-8470 (facsimile)

                                                    Attorneys for Defendants