# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 26, 2007      Decided June 29, 2007

No. 06-5190

ASSOCIATION OF FLIGHT ATTENDANTS - CWA, AFL-CIO AND
TRANSPORTATION TRADES DEPARTMENT, AFL-CIO,
APPELLANTS

v.

ELAINE L. CHAO,
UNITED STATES SECRETARY OF LABOR AND
MARION C. BLAKEY, ADMINISTRATOR, FEDERAL AVIATION
ADMINISTRATION,
APPELLEES

[STAMP: UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT FILED JUN 29 2007 CLERK]

Appeal from the United States District Court
for the District of Columbia
(No. 05cv01850)

[STAMP: FILED AUG 31 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT]

*Edward J. Gilmartin* argued the cause for appellants. With him on the briefs was *Larry I. Willis*.

*Lewis S. Yelin*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Peter D. Keisler*, Assistant Attorney General, *Jeffrey A. Taylor*, U.S. Attorney, and *Thomas M. Bondy*, Attorney. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

2

Before: SENTELLE, RANDOLPH and ROGERS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: Two labor organizations appeal from a district court judgment dismissing their complaint seeking to compel increased government regulation of airline flight attendants' working conditions. Because the unions came to federal court without first exhausting their administrative remedies, we affirm the district court's dismissal of their complaint.

## I. Background

The Occupational Safety and Health Act of 1970 ("OSH Act") authorizes the Secretary of Labor, through the Occupational Safety and Health Administration ("OSHA"), to establish workplace health and safety standards applicable to businesses in interstate commerce. 29 U.S.C. § 651 *et seq.* The OSH Act provides, however, that "[n]othing in [the Act] shall apply to working conditions of employees with respect to which other Federal agencies . . . exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health." *Id.* § 653(b)(1). The Federal Aviation Administration ("FAA") has broad authority to regulate civil aviation, *see* 49 U.S.C. § 44701, and in 1975 it asserted "complete and exclusive responsibility" for the regulation of occupational health and safety aboard civil aircraft. *Occupational Safety or Health Standards for Aircraft Crewmembers*, 40 Fed. Reg. 29,114 (July 10, 1975). The FAA's preemption of OSHA's regulatory authority extends "from the time [an aircraft] is first boarded by a crewmember, preparatory to a flight, to the time the last crewmember leaves the aircraft after completion of that flight . . . even if the engines are shut down." *Id.*

3

In 1990 the Association of Flight Attendants - CWA, AFL-CIO filed a petition for rulemaking, requesting that the FAA apply selected OSHA standards to airline industry crewmembers. The FAA denied the petition in 1997. The union did not seek judicial review of that decision. *See* 49 U.S.C. § 46110 (providing judicial review of FAA orders in the federal courts of appeals).

In 2000, OSHA and the FAA announced a joint effort to address aviation crewmember health issues and to assess whether OSHA standards could be applied to aircraft without compromising aviation safety. In its first report, the joint FAA-OSHA team raised a number of concerns with this jurisdiction-sharing approach. The team advised against the FAA ceding its regulatory authority to OSHA, and in 2003 the FAA launched a voluntary industry program to gather injury and illness data and to recommend appropriate FAA rules. *Aviation Safety and Health Partnership Program*, 68 Fed. Reg. 10,145 (Mar. 4, 2003).

In 2005, still dissatisfied with the FAA's approach to aircraft health and safety regulation, the Association of Flight Attendants and the Transportation Trades Department - AFL-CIO (together, "the unions") filed suit in federal district court against the FAA and OSHA. In short, the unions sued to force the government to increase its regulation of aircraft working conditions. The unions alleged that the FAA has "affirmatively declined" to exercise the regulatory authority it asserted in 1975, with the result that flight attendants face an unacceptably high risk of on-the-job injury. As against the FAA, the unions sought, under 28 U.S.C. § 2201, a declaratory judgment that the FAA "has failed to exercise its asserted authority to regulate and protect the occupational health and safety of crewmembers . . . working aboard civil aircraft in operation" and that the FAA therefore forfeited its jurisdiction over crewmember working

4

conditions. As against OSHA, the unions sought a writ of mandamus, under 28 U.S.C. § 1361, ordering the Secretary of Labor to step into the void left by the FAA's inaction and to "perform her statutory duty under the OSH Act" by setting and enforcing OSHA standards respecting crewmember health and safety.

The government moved to dismiss the complaint, arguing that the district court lacked subject matter jurisdiction and that the unions failed to state a claim. The government also disputed the unions' claim that the FAA had refused to exercise its regulatory authority, pointing to a number of FAA regulations regarding aircraft working conditions. The district court granted the motion to dismiss, holding that the unions' claims were not ripe for judicial review because the unions had not availed themselves of the administrative procedures by which interested parties may petition the agencies for a rulemaking. *Association of Flight Attendants - CWA, AFL-CIO v. Chao*, No. 05-1850, 2006 WL 1442464 (D.D.C. May 22, 2006). The unions appeal. Because the unions have not exhausted their administrative remedies, we affirm.

## II. Analysis

"[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). Broadly speaking, the doctrine of exhaustion of administrative remedies "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). The exhaustion requirement ensures that agencies – and not the federal courts – take primary responsibility for implementing the regulatory programs assigned by Congress. *Id.*; *see also McKart v. United States*, 395 U.S. 185, 193-95

5

(1969).

In this case, both OSHA and the FAA have broad authority and discretion, granted by Congress, to gather facts and apply their expertise to establish standards and regulations in their respective domains. 29 U.S.C. § 651; *National Cong. of Hispanic Am. Citizens v. Usery*, 554 F.2d 1196, 1199-1200 (D.C. Cir. 1977) (OSHA); 49 U.S.C. § 44701; *Jifry v. FAA*, 370 F.3d 1174, 1176 (D.C. Cir. 2004) (FAA). And both OSHA and the FAA permit interested parties to participate in the regulatory process by petitioning for new standards or regulations. 29 C.F.R. § 1911.3 (OSHA); 14 C.F.R. § 11.61 (FAA). Save for a petition for FAA rulemaking denied ten years ago and informal efforts to persuade the FAA to their point of view, the unions did not pursue – much less exhaust – any administrative remedies before bringing this case in federal court. Because the unions may petition the agencies directly for the relief they seek in this lawsuit, they have not exhausted their administrative remedies.

Typically, exhaustion ensures that imminent or ongoing administrative proceedings are seen through to completion. But the exhaustion rule does not contain an escape hatch for litigants who steer clear of established agency procedures altogether. To the contrary, exhaustion is especially important where allowing the litigants to proceed in federal court would deprive the agency of *any* opportunity to exercise its discretion or apply its expertise. *See McCarthy*, 503 U.S. at 145 ("exhaustion principles apply with special force when 'frequent and deliberate flouting of administrative processes' could weaken an agency's effectiveness by encouraging disregard of its procedures" (quoting *McKart*, 395 U.S. at 195)).

Courts have discretion to excuse the requirement where the litigant's interest in an immediate judicial forum clearly

6

outweighs the institutional interests underlying the exhaustion requirement. *McCarthy*, 503 U.S. at 146. *See Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (distinguishing discretionary "non-jurisdictional exhaustion" from "jurisdictional exhaustion" expressly mandated by Congress). For example, exhaustion may be excused if delaying judicial review would cause irreparable injury, if the agency is not competent to address the issue or to grant effective relief, or if further pursuit of an administrative remedy would be futile. *See McCarthy*, 503 U.S. at 146-49; *see also Boivin v. U.S. Airways, Inc.*, 446 F.3d 148, 157-58 (D.C. Cir. 2006); *Avocados Plus*, 370 F.3d at 1247.

No exception applies in this case. To begin with, having largely disregarded agency procedures the unions are in no position to complain of agency delay. It is also clear that the agencies are competent to address the unions' concerns: the unions seek regulation that only the agencies can provide. As for futility, the unions contend that the FAA has for more than 30 years "refused" to regulate aircraft working conditions, implying that administrative procedures would be pointless. We will excuse exhaustion on grounds of futility "only when resort to administrative remedies is 'clearly useless.'" *Boivin*, 446 F.3d at 157 (citations omitted). "[E]ven where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration, especially in a complex or technical factual context." *McCarthy*, 503 U.S. at 145. *See also McKart*, 395 U.S. at 194.

The unions contend their case is not about rulemaking but rather "the legality of the FAA's asserted jurisdiction" over flight attendants' workplace health and safety. This characterization of the unions' claim does not affect our analysis. The unions recognize that the FAA asserted its

7

jurisdiction in 1975; their argument is that in the intervening decades the FAA has unlawfully failed to exercise that jurisdiction. As discussed above, the FAA's discretion to issue regulations is left in the first instance to the FAA, not the federal courts, and the unions must first challenge the FAA's exercise of that discretion before the agency.

We also reject the unions' request for mandamus relief against OSHA. Mandamus is an extraordinary remedy; a plaintiff who shows a clear right to relief that the defendant has a clear duty to provide must also show that there is no other adequate remedy available. Even then, relief is in the discretion of the court. 28 U.S.C. § 1361; *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005). In this case, the unions ask the court to exercise its discretion without first asking the agencies to exercise theirs. Where the law provides a discretionary remedy before an agency, permitting a plaintiff to first obtain a discretionary judicial remedy would undermine agency autonomy and unnecessarily burden the federal courts. In any event, the unions cannot meet the strict requirements for mandamus relief. Because the unions have not exhausted their administrative remedies, they cannot show that they are clearly entitled to relief or that they have no other adequate remedy.

\* \* \*

Exhaustion, ripeness, and the requirement of final agency action are related and often overlapping doctrines that limit challenges to agency action in federal court. *See* 2 RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE § 15.1 (4th ed. 2002). In this case, the district court held that the unions' claims were not ripe for judicial review, relying on the same concerns we have discussed under the rubric of exhaustion. On the facts of this case, we think exhaustion is the more appropriate approach. Lack of ripeness suggests that the unions' *claims* are merely premature. In contrast, dismissal for failure to exhaust

8

administrative remedies emphasizes the appropriate *forum* for the unions' request for relief. Here, it is the unions' resort to federal court that is premature. In addition, in holding that the unions' resort to federal court is premature on the ground of failure to exhaust, we need not separately discuss whether the FAA's action – or inaction – is judicially reviewable final agency action or falls within an exception to the finality requirement.

Because the unions did not exhaust their administrative remedies, the judgment of the district court dismissing the complaint is affirmed.

*So ordered.*